# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NEW JERSEY BUILDING LABORERS STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF, | : : : : | Hon. Joseph H. Rodriguez |
| Petitioner, | : : | Civil Action No. 08-552 |
| v. | : : | **MEMORANDUM ORDER** |
| TORCHIO BROTHERS, INC., | : : | |
| Respondent. | : | |

This matter comes before the Court on Petitioner's motion for contempt pursuant to Fed. R. Civ. P. 45(e).  For the reasons set forth below, the motion is granted.

## I. Background

On March 11, 2008 this Court entered a judgment in favor of Petitioner New Jersey Building Laborers Statewide Benefit Funds and the Trustees Thereof (Petitioner) and against Respondent Torchio Brothers, Inc. (Respondent) in the amount of $19,246.49 and granted Petitioner's motion to confirm the arbitration award.  On April 11, 2008, Petitioner forwarded, via certified and regular mail/ return receipt requested, a copy of the Court's Order and Judgment and an Information Subpoena to Respondent. (Monica Certif. at ¶ 13.)  Pursuant to New Jersey Court Rule 6:7-2 (b)(1), Respondent had fourteen days from the certified date of receipt of the Information Subpoena to make payment to the Funds or provide responsive answers to the Information Subpoena.  Respondent failed to make payment or respond.  (Monica Certif. at ¶ 15.) On June 24, 2008, an Order Enforcing Litigant's Rights was served on Respondent by first class and certified mail.  (Id. at ¶ 17.)  The June 24, 2008 Order stated that the Respondent was to comply with the Information Subpoena.  (Id. at ¶18.)

The Respondent has failed to satisfy the Judgment or to provide answers to the Information Subpoena, and has failed to abide by the Court's Orders of March 11, 2008 and June 24, 2008. (Monica Certif. at ¶ 21.) On November 13, 2008, Petitioner moved for an order to hold Respondent in contempt of court pursuant to Fed. R. Civ. P. 45(e). Thus, Petitioner now seeks entry of an Order holding the Respondent Torchio Brothers, Inc. in contempt of Court and that a Warrant of Arrest be issued for the Employer's principal. (Id. at ¶ 22.)

## II. Analysis

Before a finding of contempt, a court must afford the Respondent due process rights of notice and opportunity to be heard. Harris v. City of Philadelphia, 47 F.3d 1311, 1322 (3d Cir. 1995). Particular requirements of due process rights depend on whether a contempt proceeding is criminal or civil. Roe v. Operation Rescue, 920 F.2d 213, 216 (3d Cir. 1990). A criminal contempt proceeding "is characterized by the imposition of an unconditional fine or sentences." Id. (citing Hicks v. Feiock, 485 U.S. 624, 631-35 (1988)). Alternatively, a civil contempt proceeding is characterized by remedial measures for the benefit of the complainant. Id.

Civil commitments can be divided into sub-categories to benefit the aggrieved party: remedial or compensatory and coercive actions. Latrobe Steel Co. v. United Steelworkers of America, AFL-CIO, 545 F.2d 1336, 1344 (3d Cir. 1976). While remedial or compensatory actions are designed to compensate the complainant for past damages, coercive actions are designed to aid the Petitioner in bringing a defiant client into compliance with a court order. Id. Among the many coercive actions available to a trial court is imposing an indeterminate period of confinement, which is terminated upon the

contemnor's compliance with a court order.  Id.  As the Supreme Court has ruled, corporate officers may be held in contempt for failure to undertake corporate action compelled by a court order since a corporation is limited to the actions of its agents. Wilson v. United States, 221 U.S. 361 (1911).  More specifically, corporate officers may be held in contempt for the failure of the corporation to pay a monetary judgment. Buschmeier v. G & G Investments, Inc., No. 02:03mc00506, 2009 WL 90400 *6 (W.D. Pa. Jan. 14, 2009); see also Lichtenstein v. Lichtenstein, 321 F. Supp. 152 (3d Cir. 1970); Electrical Workers Pension Trust Fund of Local Union # 58 v. Gary's Electric Service Co., 340 F.3d 373 (6th Cir. 2003).  Since the Petitioner is seeking to hold the Respondent Torchio Brothers, Inc. in contempt of Court and is requesting a Warrant of Arrest for the Respondent's corporate principal, this action is within the parameters of a civil contempt proceeding.

     For civil contempt, the Court must find that: "(1) a valid court order existed, (2) the Respondent had knowledge of the order, and (3) the Respondent disobeyed the order."  Harris, 47 F.3d at 1326.  These findings "must be supported by clear and convincing evidence."  Id. at 1321.

**A. Valid Court Order**

     A subpoena is a valid order of the court.  Waste Conversion, Inc. v. Rollins Environmental Services, 893 F.2d 605, 608-09 (3d Cir. 1990).  Under Fed. R. Civ. P. 45(a)(3)(A), an attorney, as an officer of the court, may issue a subpoena on behalf of the court in which the attorney is authorized to practice.  In relevant part, the subpoena must include: (1) the name of the issuing court, (2) the title of the action, where it is pending, and the civil action number, and (3) a command to each person to whom it is

directed to produce records in that person's possession.  Fed. R. Civ. P. 45(a)(1)(A-C).  Based on the evidence before the Court, Petitioner's Information Subpoena satisfies the requirements of Rule 45 and is facially valid.

**B. The Respondent Had Knowledge of the Order**

Petitioner has produced "clear and convincing evidence" showing that the Respondent had knowledge of the order.  Some courts hold that Rule 45 requires personal service for a subpoena to be valid.  See, e.g., Vitale v. Repetti, Civil No. 05-5685, 2007 WL 1752040 *2 (D.N.J. June 18, 2007) (holding defective mailed subpoena); see also Parker v. John Doe #1, Civil No. 02-7215, 2002 WL 32107937 *2 (E.D.Pa. Nov. 21, 2002) (citing FTC v. Copagnie De Saint-Gobain-Pont-A-Mousson, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980) and holding certified mail is not personal service); Terre Haute Warehousing Serv., Inc. v. Grinell Fire Protection Sys. Co., 193 F.R.D. 561, 563 (S.D. Ind. 1999); Smith v. Midland Brake, Inc., 162 F.R.D. 683, 686 (D. Kan. 1995).  Alternatively, other courts hold that Rule 45 can be satisfied by means other than personal service, such as certified mail.  See, e.g., Codrington v. Anheuser-Busch, Inc., Civil No. 98-2417, 1999 WL 1043861 *2 (M.D.Fla. Oct. 15, 1999) (citing King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y. 1997); Doe v. Hersemann, 155 F.R.D. 630, 630-31 (N.D.Ind. 1994)).  Certified mail serves the same purpose as Rule 45 (b) which is to "mandate effective notice to the subpoenaed party, rather than slavishly adhere to one particular type of service."  Hill v. Sullivan, 229 F.R.D. 501, 504 (D. Md. 2005).

The Court must have clear and convincing evidence that the requisite elements for civil contempt exist.  Harris, 47 F.3d at 1321.  Petitioner states that the Information

4

Subpoena was sent via certified and regular mail on March 11, 2008 and June 24, 2008 and on both occasions a certified mail receipt was attached. (Monica Certif. at ¶ 13 and 17.) The record shows that not only were both Information Subpoenas sent to the Respondent via first class certified mail, but that each time a certified mail receipt was signed. See Exhibits "A," "B," "C,""D." Petitioner's compliance with Rule 45 and personal delivery through certified mail with proof of receipt of the certified letter render the subpoena valid and indicate that the Respondent, on more than one occasion, had knowledge of the order. Thus, Petitioner has established by clear and convincing evidence that the Respondent had knowledge of the Order.

**C. The Respondent Disobeyed the Order**

Given that Respondent had knowledge of the Order, Respondent was obliged to comply. The general rule states that a defendant cannot be held in contempt "as long as it took all reasonable steps to comply." Harris, 47 F.3d at 1324. Once the Petitioner has established by clear and convincing evidence that Respondent has violated a Court order, the burden shifts to the Respondent to offer proof beyond "a mere assertion of inability" to comply. Id. (citing Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991)). When the Respondent fails to introduce any evidence to prove the reasonable steps made towards compliance, then the motion for contempt is granted. United States v. Millstone Enterprises, Inc. 864 F.2d 21 (3d Cir. 1988).

To date, the Respondent has failed to respond or comply with the Court's Order and Judgment of March 11, 2008 confirming the arbitration award. In addition, the Respondent has ignored the Court's June 24, 2008 Order Enforcing Litigant's Rights. The Respondent has failed to meet its burden of production and has not responded to

any of the pre- and post-arbitration correspondences, pleadings, motions or orders of this Court which were all served by Petitioner via regular and certified mail and received and signed by Respondent.  <u>See</u> Exhibits "A," "B," "C,""D";  Monica Certif.  Clear and convincing evidence exists to support  that Torchio Brothers, Inc. was served two, valid court orders, had knowledge of those orders, and repeatedly disregarded the orders.

### III. Conclusion

For the reasons articulated above,

IT IS ORDERED this 11th day of February 2009, that the Petitioner's motion for contempt [9] pursuant to Fed. R. Civ. P. 45(e) is hereby GRANTED.


    /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
United States District Judge